**PRESTON v. EQUITY SAV. BANK et al.**

(Court of Appeals of District of Columbia. Submitted December 14, 1922. Decided March 5, 1923.)

No. 3839.

1. **Discovery ⟨⟩19—Bill held to show plaintiff entitled to discovery.**

A bill by an administratrix, alleging that her intestate had deposited certain certificates of stock in defendant bank, taking receipts showing that they were held by him as collateral security for loans to the cashier of the bank, that the cashier had defaulted and absconded, and praying for discovery of the transactions between the cashier and the bank and its trustees, and as to what became of the stock so deposited, *held* to disclose a situation entitling plaintiff to a discovery, even though the bill did not specifically aver she had no other means of proving her case, which averment may be added by amendment, if necessary, so that it was error to dismiss the bill for lack of equity.

2. **Discovery ⟨⟩1—May be enforced directly, and not in aid of another suit.**

Discovery is not limited to aid of a suit pending or to be brought, but is an original and inherent power of a court of equity, which may be enforced directly and as a part of an action for equitable relief, there being a distinction between discovery incident to a bill for equitable relief and a bill to obtain evidence to be used in another suit, which distinction is not affected by equity rule 58 (33 Sup. Ct. xxxiv), authorizing the filing of interrogatories with a bill in equity.

Appeal from the Supreme Court of the District of Columbia.

Suit by Jennie E. Preston, as administratrix of the estate of George S. Preston, deceased, against the Equity Savings Bank, a corporation, and others. From a decree dismissing the bill for lack of equity, plaintiff appeals. Reversed and remanded.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles H. Merillat, of Washington, D. C., for appellant.
J. D. Eason, Jr., of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellant filed a bill in equity in the Supreme Court of the District of Columbia averring in substance, that on four different dates between February 1, 1918, and October 31, 1918, George S. Preston loaned money to George R. Perry, vice president and active manager of the Equity Savings Bank of Washington, D. C.; that Perry executed his promissory notes for the respective amounts borrowed, and, as collateral security therefor, transferred to Preston certain shares of stock in defendant bank, and that these shares of stock were deposited, in each instance, with the bank and receipted for as follows:

"Received from Mr. Geo. S. Preston to be held for him subject to his order, twenty-five shares of Equity Savings Bank stock held by him as collateral of G. R. Perry on his note to G. S. Preston for $350.00 dated February 1, 1918, for one year.
"Equity Savings Bank, by G. R. Perry, V. Pres.
"Feb. 1/18.
"Received from Geo. S. Preston to be held subject to his demand 20 shares of stock in this bank in the name of G. R. Perry. Same being collateral on a note of even date for $400 payable April 30, 1918.
"Equity Savings Bank, by G. R. Perry, V. Pres.
"April 30, 1918.
"Received from Geo. S. Preston forty shares of Equity Savings Bank stock to be delivered on demand.   Equity Savings Bank, by G. R. Perry, V. P.
"Aug. 1, 1918.
"Received from Mr. Geo. S. Preston envelope with four cert. of stock, Nos. 25, 23, 75, 109, also one No. 265, for 16 shares to be delivered on demand, without charge or responsibility for safe keeping.
"Equity Savings Bank by H. V. Gibbons.
"O. K. G. R. P.
"Oct. 31, 1918."

It is further averred that Perry thereafter became a defaulter and absconded with funds of the bank, for which he was indicted in the District of Columbia in November, 1918; that on March 31, 1919, defendant bank went into voluntary liquidation and made an assignment to defendants Biggs and Sauls, stockholders therein; that these defendants, as trustees, appropriated the stock in question to the use and benefit of the bank and the stockholders thereof; that the bank was a party to the arrangements between Preston and Perry, whereby the stock was to remain in the care and custody of the bank until the maturity of the notes; that Perry has left this jurisdiction and his whereabouts are unknown, hence plaintiff is without remedy against him either at law or in equity; that Preston died since depositing the stock in said bank, and plaintiff succeeded, as administratrix, to all his rights in his estate; and that she has demanded of defendants a return of the certificates of stock or information as to what has become of them, but that defendants refused to return the stock or give her any information in respect of it.

Plaintiff prays for discovery of the entire transactions between

Perry and the bank and the trustees; what became of the shares of stock, and what claim, if any, the bank has upon it; that an accounting be had under direction of the court, and for a money decree; that defendants be held as trustees for the use and benefit of plaintiff as to said stock, and for other and further relief.

Defendants moved to dismiss the bill for lack of equity, and from a decree sustaining the motion the case comes here on appeal.

[1] The direct parties to the transaction are gone. Perry absconded, and Preston deceased. Plaintiff administratrix is without information, other than the receipts and possibly the notes. The whole transaction is peculiarly within the knowledge of the bank officials and the trustees. While it is not specifically averred that plaintiff has no other means of proving her case than by discovery, the averments of the bill spell out a situation which can only be met by discovery. The court in furtherance of justice may, if it deems necessary, direct an amendment of the bill, even by interlineation, to meet this objection.

[2] Nor is the contention sound that discovery can only be had in aid of a suit pending or to be brought. It may be invoked for that purpose in aid of an action at law; but, being an original and inherent power of a court of equity, it may be enforced directly and as a part of an action for equitable relief. "In fact, every bill for equitable relief is, in a measure, a bill for discovery and relief, or it can be made such if the plaintiff chooses, as it is a general principle that a party having an equitable claim has a right to a discovery under oath from the adverse party, and to have all the proofs on which his claim depends taken in due form, and submitted to the decision of a court of equity." 9 R. C. L. 164. See Hardy v. Summers, 10 Gill & J. (Md.) 316, 32 Am. Dec. 167. Discovery, incident to a bill for equitable relief, is distinguishable from a bill to obtain evidence to be used in another suit. The distinction is elementary, and not affected by rule 58, U. S. Equity Rules 1913 (33 Sup. Ct. xxxiv).

Other technical objections to equitable jurisdiction appear in the motion to dismiss, but they are not urged in the brief of defendants. Without stopping to discuss them, it is sufficient to state that they are not, in our opinion, an obstacle to defendant's right to invoke the jurisdiction of a court of equity to inquire into the matters set out in her bill.

The decree is reversed, with costs, and the cause is remanded for further proceedings.